UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60711-CV-SMITH
MAGISTRATE JUDGE REID

MICHAEL LIVEAL SCOTT,

    Petitioner,

v.

MARK S. INCH,

    Respondent.
_____/

**REPORT OF MAGISTRATE JUDGE RECOMMENDING
DISMISSAL FOR NON-COMPLIANCE WITH COURT ORDERS**

**I. Introduction and Relevant Procedural Background**

Petitioner, **Michael Liveal Scott,** filed this *pro se* state habeas corpus Petition, pursuant to 28 U.S.C. § 2254, attacking the constitutionality of his no contest plea in Broward County Circuit Court, Case No. 14-011381-CF10A. [CV ECF No. 1]. The Petition was reviewed by the court, and determined to be no model of clarity, with handwritten notations on the side of the margins, and illegible writing throughout. [*Id.*]. In the timeliness section of the form Petition, Petitioner circled certain sections, and then directed the Court to state court proceedings he did not provide. [*Id.*]. As a result, an Order was entered on April 9, 2020 requiring Petitioner

to file a final amended petition, on the proper form, curing the deficiencies identified by the Court. [ECF No. 5].

Petitioner filed an Amended Petition [ECF No. 8], which was still not in compliance with the Court's Order. As a result, the amendment was stricken and Petitioner given until on or before August 4, 2020 to file a final, amended petition, on the proper form, in compliance with the Court's Order. [ECF No. 11]. Petitioner was cautioned that failure to comply with the Court's Order may result in dismissal of this action. [*Id.*]. As discussed below, this action should be dismissed for failure to comply with Court Orders and for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

This case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b), and S.D. Fla. Admin. Order 2019-2.

## II. Discussion

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). *Id.*

Petitioner was notified that, notwithstanding his *pro se* status, he must still comply with Local Rules and the Federal Rules of Civil Procedure Governing Section 2254 Cases. [*Id.*]. Petitioner has received sufficient notice of this Court's authority to dismiss for failure to comply with court orders or for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Thus, this Court has grounds for dismissal pursuant to Fed. R. Civ. P. 41(b).

Under the circumstances, pursuant to Fed. R. Civ. P. 41(b), this case should be dismissed due to Petitioner's failure to comply with this court's order and/or for want of prosecution. *See Moon v. Newsome*, 863 F. 2d 835, 837 (11th Cir.1989) (Finding a *pro se* litigant is subject to a court's rules and the Federal Rules of Civil Procedure, and "while dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

### III. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his § 2254 habeas corpus petition has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See Harbison v. Bell,* 556 U.S. 180, 183 (2009) (citing *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000); *Wilkinson v. Dotson,* 544 U.S. 74, 78-83 (2005)). This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a

constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected Petitioner's constitutional claims on the merits, Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, Petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

### III. Recommendations

Based on the foregoing, it is recommended that:

1. This habeas corpus proceeding be **DISMISSED WITHOUT PREJUDICE,** except as to the federal statute of limitations or other procedural defenses which may apply, due to Plaintiff's lack of prosecution and failure to comply with Court orders, in accordance with Fed. R. Civ. P. 41(b);

2. That no certificate of appealability issue; and,

3. The case **CLOSED** by the Clerk of Court.

Objections to this report may be filed with the district court within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo*

determination by the district court judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Williams v. McNeil,* 557 F.3d 1287, 1291 (11th Cir. 2009) (finding district court has discretion to decline consideration of arguments not presented to the magistrate judge in the first instance).

Signed this 1st day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Michael Scott, *Pro Se*
DC#L93677
Martin Correctional Institution
Inmate Mail/Parcels
1150 SW Allapattah Road
Indiantown, FL 34956

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com